

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Ou v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ou v. Atty Gen USA" (2004). *2004 Decisions.* Paper 813.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/813

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2511

SHI ZHU OU,
Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,
Respondent

On Petition for Review of an Order of the Board of Immigration Appeals
No. A77-618-727

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2004

BEFORE:  RENDELL, STAPLETON and LAY,* Circuit Judges

(Opinion Filed: April 19, 2004)

_____

* Hon. Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Shi Zhu Ou ("Shi"), a 19 year old native of the Republic of China, petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture. We will deny the petition for review.

The Immigration Judge ("IJ") summarized a portion of Shi's testimony as follows:

> The respondent went on to testify that in November of 1998 he was visiting his aunt's house when five family planning officials came to take his aunt away to sterilize her for being pregnant with an over-quota child. The aunt object to being taken in this manner. The respondent testified that he told the officials that they were not treating her correctly, or criticized the way they were manhandling his aunt. According to the respondent, first one officer, then two others joined in to beat him and shoving him. In defense of himself, and up against the wall, he indicated he grabbed a stick. Although he was able to hit one of the officials hand, he was able to escape out the door and where he ran a spent two days with his friend, then he was sent on to Fuzhou City to live with his uncle. After staying with his friends and his uncle, his mother got word to him that the police were searching for him at their home to arrest him. He was accused of assaulting

family planning officials. He stayed at his uncle's house until June of 1999. When questioned what he did, the respondent testified that he went to school and he worked part time. With the aid of his mother, and perhaps his uncle, he was given over to a man who got him aboard a small boat, and then to a larger boat to the United States, where he was discovered upon that vessel arriving in the United States. According to respondent, he does not know how the arrangements were made, nor does he know how much money was paid for his journey to the United States. He has spoken with his mother on a weekly basis since his arrival. He indicates that police have been still looking for him in relation to his assault, and also his illegal departure for the United States.

App. at 86.

The IJ found Shi not to be credible based upon several material contradictions in the record. First, the IJ noted discrepancies between the above-quoted testimony and Shi's written statement concerning the November 1998 incident, the most important being that in his testimony SHI protested the roughness of his aunt's treatment but made no reference whatever to the claim in his written statement that he was protesting the government's family planning policies in general and his aunt's forced sterilization in particular. The IJ also pointed to discrepancies in Shi's testimony about his family's history, family income, and the imposition and payment of the fine for over-quota children. Finally, the IJ noted his belief "that [Shi] had been trying to memorize what he should say to the Court, rather than recall specific accurate facts that occurred to him in China." App. at 89.

The IJ ultimately concluded that, because Shi's testimony lacked credibility,

3

he had failed to carry his burden of establishing his claim to asylum, his claim for withholding of deportation, or his claim under the Convention Against Torture.

On administrative appeal, the BIA agreed that Shi had "failed to establish persecution or a well-founded fear of future persecution on account of one of the five grounds enumerated in § 101(a)(42) of the . . Act," noting in particular that persecution for illegally departing a country is not considered to be persecution on any of these five grounds. App. at 2.

The IJ's finding that Shi lacked credibility is supported by the material inconsistencies which he cited. Given that finding and that record support, the BIA did not err in concluding that Shi had not carried his burden on any of his claims.

The petition for review will be denied.